IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| J.P. COLUMBUS WAREHOUSING, INC. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-cv-00100 |
| | § | |
| UNITED FIRE & CASUALTY COMPANY | § | |
| *Defendants.* | § | |

### DEFENDANT'S OPPOSED MOTION TO DENY PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES PURSUANT TO <u>CHAPTER 542A OF THE TEXAS INSURANCE CODE</u>

TO THE HONORABLE JUDGE OF THIS COURT:

United Fire & Casualty Company ("United Fire"), Defendant in the above styled and numbered cause, files this, its Opposed Motion to Deny Plaintiff J.P. Columbus Warehousing, Inc.'s ("JP Columbus" or "Plaintiff") Claim for Attorney's Fees Pursuant to Chapter 542A of the Texas Insurance Code, and would show the Court as follows:

### FACTUAL BACKGROUND

1.  Plaintiff sued United Fire as a result of two claims: one arising from a March 18, 2016, weather event and a second one arising from a May 21, 2017, weather event. Document No. 1 at Exhibit "C" (p. 3). Concerning the 2016 claim, United Fire found some damage to two condenser heat fins during the adjustment of the 2016 claim. As a result, a below deductible letter was sent to Plaintiff dated July 5, 2016. Exhibit "A"

2.  Plaintiff retained a licensed Texas public adjuster, Under Paid Claim, LLC, on March 26, 2018, to represent Plaintiff with respect to the 2016 insurance claim with United Fire.[1]

---

[1] Plaintiff appears to have retained the same public adjuster, Under Paid Claim, LLC, as early as November 10, 2017, with respect to the 2017 claim.

Exhibit "B".

3. On June 11, 2018, Plaintiff filed its Original Petition in the 49th Judicial District Court of Webb County, Texas. United Fire was served on or about June 25, 2018. Plaintiff sued United Fire for breach of contract, noncompliance with section 541 of the Texas Insurance Code, violation of section 542 of the Texas Insurance Code, and for breach of the duty of good faith and fair dealing (common law bad faith). (Document No. 1 at Exhibit "C" (p. 6-11)).

4. United Fire answered on or about July 10, 2018, and thereafter removed to this Court. July 10, 2018. (Document No. 1.)

5. United Fire affirmatively pleads herein that it did not receive any pre-suit notice of Plaintiff's claim(s) at least 61 days prior to the date that Plaintiff filed suit, as mandated by Chapter 542A of the Texas Insurance Code. Because of that failure, United Fire moves for an order by this Court that Plaintiff is not entitled to recover attorney's fees or expenses incurred after the filing of this Motion.

6. This pleading is filed within 30 days of filing the Defendant's Original Answer.

**ARGUMENT AND AUTHORITY**

7. Chapter 542A of the Texas Insurance Code went into effect September 1, 2017 and applies to all actions or claims against insurers or agents, including: "(1) an action alleging breach of contract; (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty; or (3) an action brought under (A) Subchapter D, Chapter 541; (B) Subchapter B, Chapter 542; or (C) Subchapter E, Chapter 17, Business & Commerce Code." Tex. Ins. Code § 542A.002(a).

8. Section 542A.003 mandates that a claimant must provide written notice at least 61 days prior to the commencement of an action to which Chapter 542A applies. Tex. Ins. Code

§ 542A.003(a). In addition to providing notice at least 61 days before commencing suit, the notice must provide a statement of facts or omissions giving rise to the claim, the amount alleged to be owed as damages, and the amount of reasonable and necessary attorney's fees incurred as of the date of the notice. § 542A.003(b).

9. A defendant that does not receive notice conforming to the requirements of Section 542A.003 may plead and prove that it did not receive said notice. Tex. Ins. Code § 542A.007(d). Such a pleading must be filed within 30 days of the date of that defendant's answer. *Id.* If a defendant files such a pleading, the court may not award the Plaintiff attorney's fees that are incurred after the date that the pleading was filed. *Id.*

10. Plaintiff's attorney's fees incurred after the date of the filing of this pleading must be denied due to Plaintiff's complete failure to provide the pre-suit notice required under Chapter 542A of the Texas Insurance Code. As stated above, Plaintiff failed to serve any notice, on United Fire as required by the Insurance Code. Despite such failure, Plaintiff proceeded to file suit in Webb County, Texas on June 11, 2018.

11. Plaintiff admits in its Original Petition that it did not provide United Fire with any pre-suit notice. (Document No. 1 at Exhibit "C" (par. 8)) Nor did United Fire receive any pre-suit notice from Plaintiff as required by chapter 542A of the Texas Insurance Code. See Defendant's Verified Motion to Abate filed contemporaneously herewith.

12. Plaintiff pled that it was excused from giving pre-suit notice under Chapter 542A because "542A is impracticable because the two-year anniversary of denial will occur before the expiration of 61 days." Original Petition at par 8. While Section 542A.003(d)(1) provides that a claimant is excused from providing pre-suit notice when there is a reasonable basis to believe there is insufficient time to give pre-suit notice before limitations period expires, nothing in Section

3

542A.007 creates an exception from the limitation on attorney's fees. A plaintiff that is exempted from pre-suit notice due to limitations expiring is still subject to having its attorney's fees limited pursuant to the requirements of 542A.007.

13. As it concerns the 2017 claim, Plaintiff does not explain why pre-suit notice could not be given before the filing of this lawsuit in June 2018.

14. As it concerns the 2016 claim, Plaintiff does not explain why a proper 542A pre-suit demand was impracticable with respect to the 2016 claim. Concerning the 2016 claim United Fire found some damage to two condenser heat fins during the adjustment of the 2016 claim. As a result, a below deductible letter was sent to Plaintiff dated July 5, 2016. Thereafter, on March 26, 2018, Plaintiff retained a licensed Texas public adjuster, Under Paid Claim, LLC, to represent Plaintiff in all respects concerning the 2016 claim. Plaintiff retained Under Paid Claim, LLC approximately 77 days before suit was filed and approximately 102 days before limitations would run.

15. Accordingly, there is no reason why a proper pre-suit demand could not have been sent with respect to the 2016 claim.

16. Although Chapter 542A is a new provision of the Insurance Code, it is doubtful that the Legislature intended for the pre-suit notice provision to be circumvented simply by a Plaintiff waiting until less than 61 days before limitations ran to file suit. Accordingly, Plaintiff's claims for attorney's fees in this case, whether arising from the 2016 claim or the 2017 claim, must be denied, to the extent they were incurred after the date of the filing of this motion

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant United Fire & Casualty Company respectfully requests that this Court enter an order limiting Plaintiff's recovery of attorney's fees

in accordance with the provisions of Texas Insurance Code chapter 542A, and for such other and further relief to which it may show itself to be justly entitled.

    Respectfully submitted,

    GAUNTT KOEN BINNEY & KIDD, LLP

    By: _/s/ David P. Andis_____
        David P. Andis
        State Bar No. 00793265
        Attorney in Charge
        J. Chad Gauntt
        State Bar No. 07765990
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone: 281-367-6555
Facsimile: 281-367-3705
Email:  chad.gauntt@gkbklaw.com
       david.andis@gkbklaw.com
Counsel for Defendant

## CERTIFICATE OF CONFERENCE

I hereby certify that I have communicated by electronic mail to Wayne Collins, counsel for Plaintiff, on July 31, 2018, concerning this motion. Mr. Collins has advised that he is OPPOSED to the relief sought by United Fire in this Motion.

    /s/ David P. Andis
    David Andis

## CERTIFICATE OF SERVICE

This certifies that on the 2nd day of August, 2018, the above-referenced document was served on the following individuals and/or parties to this lawsuit via electronically, facsimile, email, certified mail, return receipt requested and/or first class mail:

Wayne D. Collins (SBN: 00796384)
Robert D. Green (SBN: 08368025)
Daniel P. Barton (SBN: 00789774)
Green & Barton
1201 Shepherd Drive
Houston, TX  77007
Telephone: 713-227-4747
Facsimile: 713-621-5900
Email: wcollins@bartonlawgroup.com
      green@greentriallaw.com
      dbarton@bartonlawgroup.com Attorney for Plaintiff

    /s/ David P. Andis
    David Andis