IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| J.P. COLUMBUS WAREHOUSING, INC. | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | C.A. NO. 5:18-cv-00100 |
| UNITED FIRE & CASUALTY COMPANY | | |
| *Defendants*. | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DENY ATTORNEYS' FEES (DKT #4) AND VERIFIED MOTION TO ABATE (DKT #3)**

TO THE HONORABLE JUDGE OF THIS COURT:

J.P. Columbus Warehousing, Inc. ("Plaintiff"), Plaintiff in the above styled and numbered cause, files this, its Response to Defendant's Motion to Deny Attorneys' Fees (Dkt. #4) and Verified Motion to Abate (Dkt. #3) and would show the Court as follows:

**I.
FACTS**

1. Plaintiff is the owner of separate properties located at 417 Logistic, Laredo, Texas 78045, 13120 Spivey Drive, Laredo, Texas 78045 and 13117 Spivey Drive, Laredo, Texas 78045 ("Properties"). The Properties were insured by insurance policy number 85318514, issued by Defendant ("Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

2. On or about March 18, 2016 and May 21, 2017, or another time when the Policy was in effect, Plaintiff alleges a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiff made a claim (claim no. 4220060722 and 4220106734) and demand for payment on Defendant for damages to the

Property and other damages covered by the terms of the Policy ("Claim"). After Plaintiff made the Claim, Defendant assigned or otherwise retained its employees and/or agents to work on Plaintiff's Claim. Plaintiff alleges Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Plaintiff alleges Defendant has refused to pay all amounts due and owing under the Policy for the Claim. The carrier began to deny the claims as soon as July 5, 2016. The undersigned counsel was retained on May 3, 2018. Ex. A and B. Suit was filed on June 11, 2018, which is after the two-year anniversary of the dates of loss but less than thirty days before the denial of the claim. The Original Petition states:

### NOTICE AND CONDITIONS PRECEDENT

> Providing § 542A.003 notice is impracticable because the two-year anniversary of denial will occur before the expiration of 61 days. Insufficient time exists to give the 61-day pre-suit notice. [TEX. INS. CODE § 542A.003(d)(1)].
>
> All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is estopped by the Defendant's prior breach of the insurance contract.

### II.
### ARGUMENTS AND AUTHORITIES

3.   TEX. INS. CODE § 542A.003. Notice Required, states:

> (a) In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the

claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.

(b) The notice required under this section must provide:

> (1) a statement of the acts or omissions giving rise to the claim;
>
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

(c) If an attorney or other representative gives the notice required under this section on behalf of a claimant, the attorney or representative shall:

> (1) provide a copy of the notice to the claimant; and
>
> (2) include in the notice a statement that a copy of the notice was provided to the claimant.

(d) A presuit notice under Subsection (a) is not required if giving notice is impracticable because:

> (1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire; or
>
> (2) the action is asserted as a counterclaim.

(e) To ensure that a claimant is not prejudiced by having given the presuit notice required by this chapter, a court shall dismiss without prejudice an action relating to the claim for which notice is given by the claimant and commenced:

> (1) before the 61st day after the date the claimant provides presuit notice under Subsection (a);
>
> (2) by a person to whom presuit notice is given under Subsection (a); and
>
> (3) against the claimant giving the notice.

(f) A claimant who gives notice in accordance with this chapter is not relieved of the obligation to give notice under any other applicable law. Notice given under this chapter may be combined with notice given under any other law.

(g) Notice given under this chapter is admissible in evidence in a civil action or alternative dispute resolution proceeding relating to the claim for which the notice is given.

(h) The giving of a notice under this chapter does not provide a basis for limiting the evidence of attorney's fees, damage, or loss a claimant may offer at trial.

4. Given the timing of the retention of counsel, the dates of loss and the denial by the Defendant, insufficient time existed to give the presuit notice before the limitations period would possibly expire. Nowhere does it ever state Plaintiff's claim for attorneys' fees ae forever barred for invoking the protection afforded in TEX. INS. CODE § 542A.003(d)(1). For these reasons the Defendant's Motion to Deny Plaintiff's Claims For Attorneys' Fees should be denied.

5. If TEX. INS. CODE § 542A.003(d)(1) is invoked, no provision in the statute allows for an abatement period. On this basis, the Motion to Abate should be denied.

6. Plaintiff will agree to allow the Defendant to conduct reasonable inspection and testing of the properties upon a mutually agreeable time and or upon proper request.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant's Motions be Denied and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

By: */s/ Wayne D. Collins*
WAYNE D. COLLINS
State Bar No. 00796384
wcollins@bartonlawgroup.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax

## **CERTIFICATE OF SERVICE**

This certifies that on the 23rd day of August, 2018, the above-referenced document was served on the following individuals and/or parties to this lawsuit via the Court's ECF filing system:

J. Chad Gauntt
David P. Andis
GAUNTT KOEN BINNEY & KIDD, LLP
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
281-367-3705– Facsimile
chad.gauntt@gkbklaw.com
david.andis@gkbklaw.com

*/s/ Wayne D. Collins*
Wayne D. Collins