United States District Court
Southern District of Texas
**ENTERED**
January 15, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **J.P. COLUMBUS WAREHOUSING, INC.,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | CIVIL ACTION NO. 5:18-cv-00100 |
| **UNITED FIRE AND CASUALTY CO.,** | § § § | |
| **Defendant.** | § § | |

## REPORT AND RECOMMENDATION

Before this Court is Defendant's Opposed Motion to Deny Plaintiff's Claim for Attorney's Fees Pursuant to Chapter 542A of the Texas Insurance Code. (Dkt. Nos. 2 & 4). Plaintiff has filed a Response (Dkt. No. 5), and Defendant has filed a Reply (Dkt. No. 6). Pursuant to Texas Insurance Code section 542A.007(d), Defendant moves the Court to deny Plaintiff's recovery of attorneys' fees as a result of Plaintiff's failure to give pre-suit notice to Defendant in compliance with Texas Insurance Code section 542A.003. For the reasons set forth below, this Court will recommend that the District Court GRANT Defendant's Motion to Deny Plaintiff's Claim for Attorney's Fees (Dkt. Nos. 2 & 4).

### I. Background

Plaintiff J.P. Columbus Warehousing, Inc. sued Defendant United Fire and Casualty Co. for failing to pay two separate insurance claims for property damage resulting from two different storms. Plaintiff asserts causes of action against Defendant for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. (Dkt. No. 1-3 at 7–11).

Plaintiff asserts that three of its properties were damaged during a first storm on March 18,

1

2016 (First Storm), and again during a second storm fourteen months later on May 21, 2017 (Second Storm). (Dkt. No. 1-3 at 4). On both dates, the properties were insured by an insurance policy issued by Defendant. (*Id.*). Plaintiff filed separate insurance claims with Defendant following each incident. (*Id.*). On July 5, 2016, Defendant sent Plaintiff a letter denying the insurance claim related to the First Storm. (Dkt. No. 2-1). Then, on September 9, 2017, Defendant sent a letter denying the insurance claim for the Second Storm. (Dkt. No. 6-1).

On November 9, 2017, Plaintiff contracted with Under Paid Claim, LLC (Under Paid), a public insurance adjuster, "to assist in the preparation, presentation and adjustment of all applicable claims for the loss" caused by the First Storm. (Dkt. No. 2-2 at 2). The contract makes no reference to the Second Storm. The contract advises Plaintiff that Under Paid was retained for "adjusting only" and further states, "For the preparation of releases, assertion of policy defenses or rights, and for disputes with the insurer over coverage, you are advised to secure the services of a licensed attorney." (*Id.*).

Under Paid sent a letter of representation to Defendant on March 26, 2018. (Dkt. No. 2-2 at 1). The letter refers only to the claim for the First Storm. (*Id.*). The letter states, "The client is filing a Replacement Cost Value claim at this time." (*Id.*). It further states,

> To assist our client in adjustment of this claim, we request a certified copy of the policy in effect on the date of loss, the estimate once it has been completed, as well as any prior correspondence, estimates or payments that were made on this claim prior to our involvement. If you have retained experts to analyze this claim, please provide any report you intend to rely on to support your coverage position.

(*Id.*). The record does not indicate whether there were any communications between Under Paid and Defendant after March 26, 2018.

Plaintiff retained an attorney on May 3, 2018. (Dkt. No. 5 at 2).[1] Thirty-nine days later, on

---

[1] As Defendant notes in its reply, Plaintiff does not provide any documentation showing the date it retained counsel. However, Plaintiff's response to the motion to deny attorneys' fees states, "The undersigned counsel was retained on May 3, 2018" (Dkt. No. 5 at 2), and Plaintiff's counsel executed a verification of the response (Dkt. No. 5-1).

June 11, 2018, Plaintiff filed suit in Texas state court. (Dkt. No. 1-3 at 2).

## II. Applicable Sections of Texas Insurance Code Chapter 542A

Section 542A.003 of the Texas Insurance Code requires plaintiffs seeking damages against an insurer to give written notice "not later than the 61st day before the date a claimant files an action […]." Tex. Ins. Code Ann. § 542A.003(a) (West 2017). However, section 542A.003 provides an exception to this notice requirement, as follows:

> (d) A presuit notice under Subsection (a) is not required if giving notice is impracticable because:
>
>> (1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire; or
>> (2) the action is asserted as a counterclaim.

Tex. Ins. Code Ann. § 542A.003(d) (West 2017).

Defendant timely filed a motion to deny attorneys' fees in accordance with Tex. Ins. Code section 542A.007(d), which provides:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

## III. Texas Statutes of Limitations

Plaintiffs' causes of action accrued on the date coverage under the Policy was denied as to each of the two separate insurance claims. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828–29 (Tex. 1990) (breach of contract and bad faith claims accrue on date of denial); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (a claim brought under the DTPA or Texas Insurance Code "based on denial of insurance coverage accrues on the date that the insurer denies coverage."). The statute of limitations under Texas law for claims under

the Texas Insurance Code and claims for bad faith is two years from the date they accrue. *Id.* The statute of limitations for breach of contract is four years. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citing Tex. Civ. Prac. & Rem. Code § 16.051).

On July 5, 2016, Plaintiff received a letter from Defendant denying the insurance claim for the First Storm (Dkt. No. 2-1), and on September 9, 2017 Plaintiff received the letter denying its claim for the Second Storm (Dkt. No. 6-1). Therefore, relevant to this discussion, the earliest date on which the statute of limitations would have expired on one of Plaintiff's claims related to the First Storm was July 4, 2018.

### IV. Analysis and Conclusions of Law

1. **Overview**

To prevail on a motion under Texas Insurance Code section 542A.007(d) to deny or limit an award of attorneys' fees to a plaintiff, a defendant must "plead and prove" that it was entitled to but was not given pre-suit notice at least sixty-one days before the date the action was filed as required by section 542A.003. Tex. Ins. Code Ann. § 542A.007(d) (West 2017). However, section 542A.003(d)(1) provides that a pre-suit notice is not required if giving notice is impracticable because the plaintiff has a reasonable basis for believing there is insufficient time to give the pre-suit notice before the limitations period will expire. Tex. Ins. Code Ann. § 542A.003(d)(1) (West 2017).

It is undisputed that Plaintiff failed to send a pre-suit notice. Plaintiff has pleaded the impracticability exception in its state court Original Petition, stating, "Providing § 542A.003 notice is impracticable because the two-year anniversary of denial will occur before the expiration of 61 days. Insufficient time exists to give the 61-day pre-suit notice." (Dkt. No. 1-3 at 3). Plaintiff argues that it had a reasonable basis for believing there was insufficient time to give the pre-suit notice before the statute of limitations expired, and thus that giving pre-suit notice was

4

impracticable, because Plaintiff hired an attorney sixty-three days before the two-year anniversary of Defendant's denial of the first insurance claim, on July 5, 2016.

Defendant counters that the question of impracticability under Section 542A.007(d)(1) should not be determined solely by the fact that Plaintiff waited to retain counsel until shortly before the expiration of the statute of limitations, with no further explanation by Plaintiff. (Dkt. No. 6 at 2). Plaintiff, Defendant points out, had retained a public adjuster who communicated with Defendant long before the two-year statute of limitations expiration date. (Dkt. No. 6 at 2).

Perhaps because Section 542A.007 did not become effective until September 1, 2017, the parties do not cite, and the Court has not found, any precedent deciding a motion to deny or limit the recovery of attorneys' fees under Section 542A.007(d). Specifically, there is no precedent deciding the issue of whether a claimant's delayed hiring of an attorney constitutes "a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire," thus making it impracticable to comply with Section 542A.003's pre-suit notice requirement. This appears to be an issue of first impression.

2. **Impracticability of Pre-suit Notice for Claims Relating to the Second Storm**

Initially, the Court notes that Plaintiff's argument that the pre-suit notice exception of section 542.003(d)(1), regarding reasonable belief that there was insufficient time to give notice prior to the expiration of a statute of limitations, applies only to Plaintiff's claims relating to the First Storm and is not applicable to the Second Storm claims. Plaintiff made separate insurance claims for damage arising from the two different storms which occurred over a year apart; and in fact, Defendant denied the claim for the First Storm's damage on July 5, 2016, long before the Second Storm even occurred. Plaintiff's claims relating to the Second Storm are separate and independent from Plaintiff's First Storm claims. There was no legal requirement that Plaintiff file suit on the First and Second Storm claims together. Plaintiff could have filed suit on the First Storm

5

claims and then, separately, at Plaintiff's convenience, sent pre-suit notice as to the Second Storm claims; there was no impending expiration of the statute of limitations as to the Second Storm claims to compel Plaintiff to bring suit on his Second Storm claims together with those arising from the First Storm.

Accordingly, this Court finds that the pre-suit notice exception of Section 542A.003(d)(1) does not apply to Plaintiff's claims relating to the Second Storm. Defendant has proven that, as to Plaintiff's claims relating to the Second Storm, it was entitled to but was not given a pre-suit notice at least sixty-one days before the date Plaintiff filed this action. Tex. Ins. Code Ann. § 542A.007(d) (West 2017). This Court will recommend that Defendant's motion to deny attorneys' fees (Dkt. Nos. 2 & 4) be GRANTED as to Plaintiff's attorneys' fees relating to the Second Storm and that the District Court not award attorneys' fees to Plaintiff relating to those claims incurred after August 2, 2018.[2]

### 3. Impracticability of Pre-suit Notice for Claims Relating to the First Storm

As to Plaintiff's claims relating to the First Storm, Plaintiff's argument for the applicability of the pre-suit notice exception of 542A.003(d)(1) is premised solely on the fact that Plaintiff retained the attorney who filed this action approximately sixty-three days prior to the expiration of the two-year statute of limitations applicable to some of the claims arising from Defendant's denial of the insurance claim. Plaintiff offers no other argument or evidence as to why pre-suit notice could not be given to Defendant prior to filing suit. Thus, the Court must decide whether the timing of Plaintiff's hiring an attorney, by itself, supports Plaintiff's "reasonable basis for believing there is insufficient time to give the pre-suit notice before the limitations period will expire." Tex. Ins.

---

[2] Plaintiff's motion was filed on August 2, 2018. Section 542A.007(d) provides, "If a defendant …pleads and proves that the defendant was entitled to but was not given a pre-suit notice…, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. Tex. Ins. Code Ann. § 542A.007(d) (West 2017).

Code Ann. § 542A.007(d) (2017).

Although this is an issue of first impression, there are at least two other Texas statutes containing similar pre-suit notice requirements and impracticability exceptions[3] for impending expiration of the statute of limitations, including a section of Chapter 541 of the Texas Insurance Code.[4] Both Tex. Bus. & Com. Code section 17.505 and Tex. Ins. Code section 541.154 provide a process for filing a plea in abatement if adequate pre-suit notice is not provided, similar to section 542A.005 of the Texas Insurance Code.[5]

Conversely, neither the DTPA[6] nor Chapter 541 of the Texas Insurance Code contains a provision limiting attorneys' fees in the event a claimant fails to comply with the respective pre-suit notice requirements. Regardless, there is scant case law referring to the timing of retaining legal counsel in relation to the impracticability of providing pre-suit notice under either section 17.505 or section 541.154.

For example, in *McDonald v. Hightower, Alexander & Cook, P.C.*, an unpublished opinion from a Texas court of appeals, the plaintiffs' claims were dismissed by an Oklahoma court, and plaintiffs were required to file a lawsuit in Texas within sixty days to prevent the statute of

---

[3] "Looking to the statutory scheme, we strive to give the provision a meaning that is in harmony with other related statutes." *Fort Worth Transportation Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018). "In construing a statutory word or phrase, the court may take into consideration the meaning of the same or similar language used elsewhere in the act or in another act of similar nature." *In re D.W.H.*, 458 S.W.3d 99, 109–10 (Tex. App.–El Paso 2014) (quoting *L & M-Surco Mfg., Inc. v. Winn Tile Co.*, 580 S.W.2d 920, 926 (Tex. Civ. App.–Tyler 1979)). "Where the same or a similar term is used in the same connection in different statutes, it will be given the same meaning in one that it has in another, unless there is something to indicate that a different meaning was intended." *Id.*

[4] See, e.g., Tex. Ins. Code Ann. § 541.154 (West 2017) ("A person seeking damages [. . .] must provide written notice to the other person not later than the 61st day before the date the action is filed," but "[t]he notice is not required if giving notice is impracticable because the action must be filed to prevent the statute of limitations from expiring."); Tex. Bus. & Com. Code § 17.505 (West 2017) ("As a prerequisite to filing a suit seeking damages . . . a consumer shall give written notice to the person at least 60 days before filing the suit," but notice is not required if "the giving of 60 days' written notice is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations.").

[5] "In addition to taking any other act allowed by contract or by any other law, a person against whom an action to which this chapter applies is pending may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending […]." Tex. Ins. Code Ann. § 542A.005(a) (West 2017).

[6] Chapter 17 of the Texas Business and Commerce Code is titled the Deceptive Trade Practices Act (DTPA).

limitations from running. *McDonald v. Hightower, Alexander & Cook, P.C.*, No. 05-91-01066-CV, 1992 WL 211060, at *3 (Tex. App.–Dallas August 31, 1992, writ denied). Plaintiff argued that this sixty-day filing deadline made it impracticable to comply with the DTPA's pre-suit notice requirement, which was 30 days instead of 60 days under the previous version of section 17.505 in effect at that time. *Id.* at 5. Plaintiff asserted that they were unable to retain counsel "until July 1989 and their filing deadline was August 19, 1989." *Id.* at 6. In response, the court stated that "the law does not state that a party is released from the notice requirement if an attorney is hired less than thirty days prior to the filing deadline." *Id.* However, the court proceeded to note that, because plaintiffs failed to specify the date they retained counsel, counsel may have been able to send the pre-suit notice prior to the thirty-day deadline. *Id.*

In *In Re Behr*, a 2006 unpublished opinion from another Texas court of appeals involving section 541.154, the plaintiff's attorney stated in an affidavit that "he was retained shortly before February 22, 2005" and that he was not able to locate a defendant until July 2005, "less than sixty days before the statute of limitations would expire." *In re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *2 (Tex. App.–San Antonio March 1, 2006, no pet.). The court's decision turned on a determination of the date on which the statute of limitations accrued, holding that plaintiff "had at least six months before limitations would expire on its suit. Therefore, as a matter of law, it was not 'impractical'[7] to give Behr the 60 days pre-suit notice required by the statute." *Id.*

---

[7] The Court notes that "impracticable" and "impractical" are not synonymous. Black's Law Dictionary defines "impracticable" as "a fact or circumstance that excuses a party from performing an act, esp. a contractual duty, because (though possible) it would cause extreme and unreasonable difficulty. For performance to be truly impracticable, the duty must become much more difficult or much more expensive to perform, and this difficulty or expense must have been unanticipated." Black's Law Dictionary (10th ed. 2014). Black's contains no similar term-of-art entry for *impractical*, but the two are distinguished elsewhere, as in the American Heritage Dictionary. That dictionary defines impracticable as "impossible to do or carry out," and "impractical" as "unwise to implement or maintain in practice." The American Heritage Dictionary of the English Language (5th ed. 2019). The *Behr* court, and other courts construing the statute, have apparently incorrectly used "impractical" in lieu of the more forcible and statutorily mandated "impracticable."

8

For purposes of this statutory interpretation analysis, more helpful guidance is found in the language of Chapter 542A itself. Chapter 542A appears to anticipate and provide for the possibility that section 542A.003's pre-suit notice may be sent on behalf of a claimant by a representative other than an attorney. Section 542A.003(c) states,

> If an attorney *or other representative* gives the notice required under this section on behalf of a claimant, the attorney *or representative* shall:
>
> (1) provide a copy of the notice to the claimant; and
>
> (2) include in the notice a statement that a copy of the notice was provided to the claimant.

Tex. Ins. Code Ann. § 542A.003(c) (West 2017) (emphasis added). Based on this express language of the statute, it appears that the Texas legislature anticipated that the pre-suit notice could be sent by a representative of a claimant other than an attorney. Therefore, it would not be consistent with the language of section 542A.003 to conclude that sending pre-suit notice was impracticable due to a reasonable belief that there was insufficient time to send the notice based solely on the fact that Plaintiff did not hire an attorney until sixty-three days prior to the expiration of the statute of limitations, as presented in this case.

Furthermore, establishing a rule that Section 542A.003(d)(1)'s presuit notice exception applies whenever a claimant postpones hiring an attorney until the eve of the expiration of the statute of limitations, without further explanation or justification, could encourage claimants to do just that, defeating the purpose of the presuit notice requirements. "The purpose of the sixty-day notice obligation under [Sections 17.505 and 541.154] is to "'discourage litigation and encourage settlements of consumer complaints.'" *Hines v. Hash*, 843 S.W.2d 463, 469 (Tex.1985), quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex.1985).

Section 542A.007(d) places the burden on Defendant to plead and prove that it was entitled to receive presuit notice as to the Plaintiff's claims related to the First Storm. The relevant facts

9

are undisputed. Plaintiff retained a licensed public adjuster, through execution of a written contract, on November 9, 2017. Plaintiff's public adjuster sent a "Letter of Representation" to Defendant on March 26, 2018. Plaintiff hired an attorney on May 3, 2018. The statute of limitations as to some of Plaintiff's claims arising from the First Storm expired on July 4, 2018. Although Plaintiff's counsel was retained sixty-three days prior to the expiration of the statute of limitations, Plaintiff retained a public adjuster, licensed by the State of Texas[8], more than seven months prior to the expiration of the statute of limitations. That licensed insurance professional, as a representative of Plaintiff, communicated with Defendant well outside of the sixty-one-day notice period of section 542A.003. Plaintiff proffers no explanation for why it waited approximately twenty-two months after Defendant denied its insurance claim for the First Storm before it hired an attorney. Under these facts, this Court does not feel it is necessary to decide whether Plaintiff's counsel himself could have reasonably believed he could not send the pre-suit notice prior to filing suit.

Accordingly, this Court finds that the pre-suit notice exception of section 542A.003(d)(1) does not apply to Plaintiff's claims relating to the First Storm. This Court finds that Defendant has proven that, as to Plaintiff's claims relating to the First Storm, it was entitled to but was not given a pre-suit notice at least sixty-one days before the date Plaintiff filed this action. Tex. Ins. Code Ann. § 542A.007(d) (West 2017). This Court will recommend that Defendant's motion to deny attorneys' fees (Dkt. Nos. 2 & 4) be GRANTED as to Plaintiff's attorneys' fees relating to the First Storm and that the District Court not award Plaintiff attorneys' fees relating to those claims incurred after August 2, 2018.

---

[8] *See* Dkt. No. 2-2 ("Texas Public Adjuster License #1986412").

## V. Conclusion

The Court finds that the pre-suit notice exception of section 542A.003(d)(1) does not apply to Plaintiff's claims relating to either the First Storm or the Second Storm. This Court finds that Defendant has proven it was entitled to but was not given a pre-suit notice at least sixty-one days before the date this action was filed by Plaintiff. Tex. Ins. Code Ann. § 542A.007(d) (West 2017). Plaintiff did not have "a reasonable basis for believing there [was] insufficient time to give the pre-suit notice before the limitations period [would] expire" as to Plaintiff's claims relating to either the First Storm or the Second Storm. § 542A.003(d)(1).  As to Plaintiff's claims relating to the First Storm, the Court finds that Plaintiff retained a licensed public adjuster more than seven months prior to the expiration of the statute of limitations, and that licensed insurance professional, as a representative of Plaintiff, communicated with Defendant well outside of the sixty-one-day notice period of section 542A.003. Regardless of whether Plaintiff delayed in retaining an attorney until sixty-three days before the expiration of the statute of limitations, under the facts before the Court, Plaintiff did not have a reasonable basis for believing there was insufficient time to give the pre-suit notice before the limitations period would expire, and therefore giving pre-suit notice to Defendant as to the claims related to the First Storm was not impracticable.

## VI. Recommendation

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Opposed Motion to Deny Plaintiff's Claim for Attorney's Fees Pursuant to Chapter 542A of the Texas Insurance Code (Dkt. Nos. 2 & 4), and further **RECOMMENDS** that the District Court not award Plaintiff attorneys' fees incurred after August 2, 2018.

## VII. Notice of Right to Object

The parties may file written objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). If a party objects within fourteen days after receiving service of this Report, the

11

District Court will review *de novo* the findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150. Furthermore, if the parties do not object and then the District Court accepts this Report's findings and legal conclusions, on appeal such findings and conclusions will be reviewed only for plain error. *Douglass*, 79 F.3d at 1428.

SIGNED on January 14, 2019, at Laredo, Texas.

_____
John A. Kazen
United States Magistrate Judge